# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

YVONNE C. DEWEESE,               )
                                 )
                Plaintiff,       )
                                 )
v.                               )  Case No. CIV-13-072-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
                Defendant.       )

## OPINION AND ORDER

Plaintiff Yvonne C. Deweese (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful

work which exists in the national economy. . ." 42 U.S.C.

§423(d)(2)(A). Social Security regulations implement a five-step

sequential process to evaluate a disability claim. *See*, 20 C.F.R.

§§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited

in scope by 42 U.S.C. § 405(g). This Court's review is limited to

two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 24, 1964 and was 47 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as an assistant manager at a retail store and as a cashier in a retail store. Claimant alleges an inability to work beginning November 15, 2009 due to limitations resulting from left wrist, ankle, and knee problems,

degenerative joint disease, hypothyroidism, and Grave's disease.

## Procedural History

On February 9, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On September 20, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Gene Kelly in Tulsa, Oklahoma. A supplemental hearing was held February 7, 2012. By decision dated February 16, 2012, the ALJ denied Claimant's request for benefits. The Appeals Council denied review of the ALJ's decision on December 20, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to perform a proper determination at step five; (2) failing to consider

the medical source evidence; and (3) performing an improper credibility analysis.

## Step Five Determination

In his decision, the ALJ found Claimant suffered from the severe impairments of status post left ankle and left wrist fractures, status post hardware removal from both fractures, degenerative joint disease, neuropathy, hypothyroidism, Grave's disease, depression, and anxiety. (Tr. 20). The ALJ determined Claimant retained the RFC to perform light work by occasionally lifting/carrying 15 pounds, standing and/or walking for 2 hours in an 8 hour workday at 30 minute intervals with normal breaks, and sitting for 6 hours in an 8 hour workday with normal breaks. She could kneel, squat, and crawl on a limited basis, occasionally reach overhead, and could use foot pedals. Claimant should avoid rough and uneven surfaces, should carry weight in her right hand, should have easy access to a restroom, and should have limited, brief, and cursory contact with the public. (Tr. 22).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of hotel clerk, file clerk, telephone sales representative, bench assembler, and touch up screener all of which the vocational expert testified existed in sufficient numbers nationally and regionally. (Tr. 25). The ALJ,

therefore, concluded Claimant was not disabled. (Tr. 25-26).

Claimant contends the ALJ erroneously found she could perform light work when his RFC assessment does not support the requirements for that level of exertion. Clearly, in order to perform light work, Claimant must be able to stand and walk for 6 hours in an 8 hour workday. Soc. Sec. R. 83-10; Soc. Sec. R. 96-9p. Additionally, Claimant must be able to lift 20 pounds occasionally. Id. The ALJ determined Claimant can only stand/walk for 2 hours in 30 minute intervals during an 8 hour workday. He also found Claimant could only lift 15 pounds occasionally. He then leaves the orphan word "frequently" in the RFC analysis without associating it with a weight amount. (Tr. 22). Claimant interprets this writing as meaning the ALJ found Claimant could lift 15 pounds both occasionally and frequently. This Court interprets it as an omission on the amount of weight the ALJ found Claimant could lift frequently. In any event, the ALJ has made an improper RFC finding in contravention to the regulations and failed to complete the RFC with regard to Claimant's weight restrictions. On remand, the ALJ shall reconsider his RFC findings and make the appropriate alterations to the level of exertion he finds Claimant can perform. Additionally, the ALJ shall reformulate his hypothetical questioning to accommodate Claimant's RFC after the alterations are made.

## Consideration of the Medical Source Evidence

Claimant contends the ALJ ignored the opinions of the second consultative examiner employed by Defendant, Dr. Subramaniam Krishnamurthi. Dr. Krishnamurthi authored a report with numerous restrictions and findings not considered by the ALJ. The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). He must provide specific, legitimate reasons for rejecting any such opinions. The ALJ must also give consideration to several factors in weighing any medical opinion. Id.; 20 C.F.R. § 416.927(d)(1)-(6). The ALJ failed in this analysis with regard to Dr. Krishnamurthi's opinions. On remand, the ALJ shall weigh and consider this consultative examiner's opinion.

Claimant also contends the ALJ should have considered a letter from Claimant's friend with corroborated Claimant's testimony of limitation. On remand, the ALJ shall give the letter any weight that it is due.

## Credibility Determination

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68

7

F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor

recitation of the evidence." <u>Qualls v. Apfel</u>, 206 F.3d 1368, 1372 (10th Cir. 2000).

Since the ALJ must reconsider the opinion evidence and potentially supporting evidence concerning Claimant's activities of daily living, the ALJ shall also re-evaluate his credibility findings on Claimant's testimony. Should the reconsideration of the other evidence demand an alteration of his findings on credibility, the ALJ shall reassess Claimant's testimony concerning functional limitations.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 30th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE